ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

MICHAEL G. LAGRAMA (CABN 252734)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7241
    Fax: (415) 436-7234
    Michael.Lagrama@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> KENT LIEW, <br><br> Defendant. | CASE NO. 3:23-cr-00350-001-WHA <br><br> **UNITED STATES' SENTENCING MEMORANDUM** <br><br> Sentencing Date: May 21, 2024 <br> Sentencing Time: 2:00 p.m. |

## I. INTRODUCTION

Defendant Kent Liew was indicted on one count of wire fraud in violation of 18 U.S.C. § 1343 and one count of interstate transportation of stolen goods in violation of 18 U.S.C. § 2314. The defendant pled guilty to both counts in the Indictment. Under the advisory Sentencing Guidelines, the defendant is subject to between 21 and 27 months in custody. U.S. Probation recommends that the defendant be sentenced to 12 months and 1 day in custody. The United States agrees with this recommended sentence given that the defendant swiftly took responsibility for his criminal conduct, and a sentence of 12 months and 1 day is otherwise sufficient but not greater than necessary to achieve the sentencing objectives in 18 U.S.C. § 3553(a). In accordance with the sentencing recommendation by U.S. Probation, the United States also urges this Court to impose 3 years of supervised release. Further,

in accordance with the parties' plea agreement, the United States respectfully requests that the defendant be ordered to forfeit $73,888.54 from his account held by Charles Schwab and be ordered to pay $311,118 in restitution.[1] As set forth in the plea agreement, the United States also recommends that the $73,888.54 in forfeited funds be credited towards the total restitution amount owed.[2]

## II. BACKGROUND

### A. Circumstances of the Offenses

Starting in or around January 2018, and until July 2023, while the defendant was employed at Sports Basement located in San Francisco, California, within the Northern District of California, he stole Sports Basement's merchandise and sold the stolen merchandise on his personal e-Bay store, including to customers who lived outside of California. As an employee of Sports Basement, the defendant was responsible for shipping Sports Basement's merchandise purchased by its online customers. However, the defendant used his position at Sports Basement to steal merchandise and used Sports Basement's UPS account to mail or ship the stolen merchandise to his personal e-Bay customers, to himself, and to his family and friends.

The defendant shipped at least 1,609 stolen Sports Basement merchandise directly to his eBay customers. These 1,609 items had a combined retail value of approximately $244,858. In his home, the defendant also had an additional 310 stolen Sports Basement merchandise items; these merchandise items had a combined retail value of approximately $14,159. Further, to facilitate his scheme during a period of over five years, the defendant used at least $52,101 in mailing and shipping costs paid by Sports Basement. Finally, the defendant deposited proceeds from his criminal scheme into an account ending in 3280 held by Charles Schwab, and, on or about July 31, 2023, that account held at least $73,888.54 in proceeds from his criminal scheme.

///

///

///

---

[1] As noted in the United States' application for a preliminary forfeiture order (Dkt. No. 20), the amount in the defendant's Charles Schwab account is $73,888.54, not $78,888.54.

[2] The factual assertions in this brief are based on the confidential Presentence Investigation Report, the parties' plea agreement, and the defendant's rap sheet or criminal history report.

B. **Procedural History**

On October 10, 2023, in the Northern District of California, the defendant was indicted on one count of wire fraud in violation of 18 U.S.C. § 1343 and one count of interstate transportation of stolen goods in violation of 18 U.S.C. § 2314. The Indictment contains a Forfeiture Allegation pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) pertaining forfeiture of $73,888.54 seized from the defendant's Charles Schwab account and stolen Sports Basement merchandise found in the defendant's home on July 20, 2023.  On February 14, 2024, the defendant pled guilty to both counts in the Indictment and, pursuant to the terms of the plea agreement, the government will not request a sentence higher than 12 months and 1 day.

C. **Sentencing Guidelines Calculation**

In accordance with the parties' plea agreement, U.S. Probation has issued the following advisory Guidelines calculation:

| | | |
|---|---|---:|
| a. | Base Offense Level (U.S.S.G. §2B1.1(a)(1) | 7 |
| b. | Specific offense characteristic, U.S.S.G. §2B1.1(b)(1)(G)<br>(loss was more than $250,000 but less than $550,000) | +12 |
| c. | Specific offense characteristic, U.S.S.G. §2B1.1(b)(4)<br>(offenses involved receipt of stolen property) | +2 |
| d. | Acceptance of Responsibility (U.S.S.G. §§3E1.1(a), (b) ) | -3 |
| f. | Zero-Point Offender (U.S.S.G. §§4C1.1(a). (b) | -2 |
| g. | Final adjusted offense level | 16 |

U.S. Probation has determined that the defendant has a criminal history score of zero (Criminal History Category I) and is subject to a Guidelines sentencing range of 21 to 27 months in custody.  U.S. Probation recommends that the defendant be sentenced to 12 months and 1 day in custody, followed by 3 years on supervised release, and be ordered to forfeit the $73,888.54 in his account held by Charles Schwab and all stolen merchandise found in his residence on July 20, 2023, and any other such items in his possession or control.  Finally, U.S. Probation recommends the defendant be ordered to pay $311,118 in restitution.

## III.  DISCUSSION

### A.  Legal Standards

The Court should impose a sentence that is sufficient but not greater than necessary to reflect the seriousness of the offenses, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment.  *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also* 18 U.S.C. § 3553(a).  The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the advisory Guidelines.  *Id*.

After determining the appropriate advisory Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness considering the factors set out in Section 3553(a).  *Carty*, 520 F.3d at 991-93.  Under Section 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

(1) The nature and circumstances of the offenses and the history and characteristics of the defendant;

(2) The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) The need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) The need for the sentence imposed to protect the public from further crimes of the defendant; and

(5) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

### B.  Sentencing Recommendation by the United States

Like U.S. Probation, the United States recommends that the Court impose on the defendant a sentence of 12 months and 1 day in custody followed by 3 years on supervised release.  The United States also recommends that the defendant be ordered to forfeit the $73,888.54 in his account held by Charles Schwab and all stolen Sports Basement merchandise found in his residence on July 20, 2023.  Further, pursuant to the parties' plea agreement, the United States requests that the defendant be ordered to pay $311,118 in restitution, and recommends that the $73,888.54 in forfeited funds be credited towards the total restitution amount owed.

### 1. Nature and circumstances of the offenses and history and characteristics of defendant

Based on the nature and circumstances of the defendant's offenses, and his history and characteristics, he should be sentenced to serve 12 months and 1 day in prison followed by 3 years on supervised release.

Regarding the circumstances of his offenses, the defendant stole a significant quantity of merchandise from his then-employer, Sports Basement, during a period of over five years—betraying his employer's trust. His actions were willful, required planning and sophistication, and were motivated by greed. The defendant's actions caused significant financial harm to Sports Basement, as the defendant stole at least $311,118 worth of merchandise and mailing/shipping labels from the company. Had the defendant not been caught, he would have likely continued his scheme for personal profit.

The defendant claims that he started stealing from Sports Basement because he incurred about $200,000 in debt in 2017 for a personal business venture. This does not excuse his actions. Additionally, the defendant did not just steal from Sports Basement to pay off his $200,000 debt—he currently only has $564.30 in credit card debt. Rather, the defendant started saving or investing the profits from his wire fraud scheme in a Charles Schwab account, which held over $73,000 in criminal proceeds at the time of his arrest.

Nevertheless, an individualized examination of the defendant's case reveals mitigating factors. First and foremost, the defendant swiftly took responsibility for his actions by pleading guilty to both counts in the Indictment, has agreed to forfeit the $73,888.54 in criminal proceeds held his Charles Schwab account, and has agreed to pay $311,118 in restitution (with the forfeited $73,888.54 being credited towards the total restitution amount owed). Additionally, the defendant has expressed remorse for his actions and appears to have gained insight into the harm he has caused to his former employer. In a statement, the defendant acknowledges that he not only stole profits from Sports Basement but also brought shame and embarrassment to the company. Further, while the defendant has prior convictions for theft and burglary, he has no prior record of violence or the use or possession of a firearm. His limited criminal history, therefore, constitutes mitigation.

Additionally, the defendant is determined to positively change his life so that he can support and care for his elderly parents with whom he lives.  The defendant's father suffers from dementia, and his mother suffers from painful arthritis that limits her mobility.  The defendant not only helps his parents financially, but he also acts as their caretaker by transporting them to medical appointments and helping them buy groceries.  The defendant is therefore motivated to be a law-abiding member of society so that he can continue to be a provider and caretaker for his elderly parents.  Moreover, the defendant has suffered from depression and anxiety, which may have contributed to his poor choices.  Thus, in an apparent effort to seek positive guidance, the defendant has joined a new church, where he is seeking counseling and mentorship.  Thus, the defendant's acceptance of responsibility, desire to care for his elderly parents, and efforts at rehabilitation militate against imposition of a long prison sentence.

Accordingly, given the circumstances of his offenses and history and characteristics, the defendant should serve 12 months and 1 day in custody followed by 3 years on supervised release.

**2.    Need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense**

A sentence of 12 months and 1 day reflects the seriousness of the defendant's white-collar offenses, which were calculated, motivated by selfishness, and involved more than five years of deceit.  It would also promote respect for the law, as it would send a message that people who commit these economic crimes will be subject to a meaningful custodial sentence if caught.  Finally, a sentence of 12 months and 1 day constitutes just punishment given the financial harm that the defendant caused to Sports Basement.

**3.    Need for the sentence to afford adequate deterrence to criminal conduct**

Imposing a sentence of 12 months and 1 day further promotes general deterrence, as it could dissuade others from devising schemes to defraud their employers or from stealing goods from businesses for their personal profit.  That is, the loss of liberty for 12 months and 1 day will likely cause other people to refrain from selling the stolen merchandise online.  The recommended sentence will also serve as a specific deterrence to the defendant, who has not previously served a sentence this long.

**4.      The need for the sentence imposed to protect the public from further crimes by the defendant.**

A custodial sentence of 12 months and 1 day is also warranted to protect the public from further crimes by the defendant, as it will ensure that he cannot perpetuate any fraud while in a custodial sentence.

**5.      The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.**

Finally, a custodial sentence of 12 months and 1 day is consistent with the punishment imposed for similar crimes by defendants with similar records. As U.S. Probation noted, during the last five fiscal years, there were 515 defendants whose primary guideline was §2B1.1, with a Final Offense Level of 16 and a Criminal History Category of I, after excluding defendants who received a §5K1.1 substantial assistance departure. For the 437 defendants (85%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 14 months and the median length of imprisonment imposed was 15 months. For all 515 defendants in the group, the average sentence imposed was 13 months and the median sentence imposed was 12 months.

Here, United States' recommended sentence of 12 months and 1 day in custody is consistent with the average sentence of 13 months and median sentence of 12 months imposed for the entire group of defendants with the same offense level and criminal history category. Additionally, a sentence of 12 months and 1 day is also about two months less than the average sentence of 14 months and 3 months less than the median sentence of 15 months for similarly situated defendants who were sentenced to imprisonment. Further, a sentence of 12 months and 1 day is 9 months lower or below than the bottom range of the advisory sentencing guidelines of between 21 and 27 months in custody. Therefore, the sentence recommended by the United States ensures consistent sentences for similarly situated defendants and it is otherwise fair given the facts in this case.

/ / /

/ / /

/ / /

# CONCLUSION

With full consideration of all the sentencing factors set forth in 18 U.S.C. § 3553(a), the United States respectfully requests that the Court sentence the defendant to 12 months and 1 day in custody followed by 3 years on supervised release.  The defendant should also be ordered to forfeit the $73,888.54 in his account held by Charles Schwab and all stolen Sports Basement merchandise found in his home on July 20, 2023.  Further, the defendant should be ordered to pay $311,118 in restitution, and the $73,888.54 in forfeited funds should be credited towards the total restitution amount owed.

DATED:      May 14, 2024                                    Respectfully submitted,


                                                            Respectfully submitted,

                                                            ISMAIL J. RAMSEY
                                                            United States Attorney

                                                            */s/ Michael G. Lagrama*
                                                            MICHAEL G. LAGRAMA
                                                            Assistant United States Attorney